UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Jose A. Bustos, #243392, | ) C/A No. 3:09-1760-HMH-JRM |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| Margaret A Chamberlain, Esquire;<br>Chamberlain Law Firm, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Jose A. Bustos (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Tyger River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Although Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915, he also paid the full filing fee. (Docket Entry No.'s 1 and 2). The complaint names an Attorney, Margaret A. Chamberlain, and her law firm as the sole Defendants in this action. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

It is further noted that the instant complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[2] *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, §1915 was not applicable, however, the Court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a

---

[2]Authority in this District indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se*, **non-prisoner**, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) However, the instant case, while fee-paid, is filed by a prisoner.

district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Further, the requirement of liberal construction does not allow the court to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Background

In 2006, Plaintiff filed a successful habeas corpus action in this Court. *See Bustos v. White*, Case Action No. 3:06-368-HMH-JRM, 2007 WL 914229 (D.S.C. March 27, 2007). The South Carolina Attorney General's Office appealed the District Court's decision and Defendant Chamberlain was appointed by the Fourth Circuit to represent Plaintiff. Plaintiff states that the District Court's decision was reversed by the Fourth Circuit Court of Appeals and a petition for re-hearing was filed by the Plaintiff. *See Bustos v. White*, 521 F.3d 321( 4th Cir. 2008). Plaintiff received a letter from Defendant Chamberlain informing Plaintiff that his petition for re-hearing had been denied and providing Plaintiff with the deadline for filing a writ of *certiorari* with the United States Supreme Court. Plaintiff filed a *pro se* petition for a writ of *certiorari*, relying on the dates Defendant Chamberlain provided. However, Plaintiff's petition was returned as being untimely. Defendant Chamberlain later sent Plaintiff a letter indicating that she had mistakenly given Plaintiff an incorrect filing deadline. (Letter attached to Plaintiff's complaint, Docket Entry No. 1, Attachment No. 1). Thus, Plaintiff seeks monetary compensation for Defendant Chamberlain's alleged malpractice and denial of Plaintiff's access to the Supreme Court.

Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* "some person has deprived him of a federal right", and *(2)* "the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). *See also* 42 U.S.C. § 1983; *Monroe v. Pape*, 365 U.S. 167, 171 (1961).

However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). In the instant action, Plaintiff sues the Defendant attorney and legal firm for actions taken in connection with Plaintiff's federal appeal. As such, the sole Defendants in the instant action are not "state actors" amenable to suit under § 1983.

Further, negligence and legal malpractice are not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). *See also Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct"). Although negligence and legal malpractice are causes of action under South Carolina law, such actions are not cognizable in a district court unless the requirements of the diversity statute are satisfied. *See* 28 U.S.C. § 1332(a)*; Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992).[3] There

---

[3] The diversity statute, 28 U.S.C. § 1332(a), requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978).

is no diversity jurisdiction over this case because, according to the information provided by Plaintiff, he and the Defendants are residents of South Carolina. As the sole Defendants in this action are not "state actors" subject to suit under § 1983, and diversity jurisdiction is lacking, the instant action is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

July 17, 2009
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).